**EXHIBIT A**

\* D O C K E T   I N F O R M A T I O N \*

CAUSE NUM: 2016CI01465
DATE FILED: 01/28/2016        COURT: 407        UNPAID BALANCE:      0.00
TYPE OF DOCKET: OTHER CIVIL CASES

\* \* \* S T Y L E \* \* \*

    HOCKESSIN HOLDINGS INC
       VS ROUNDPOINT MORTGAGE SERVICING CORPORATION

ACCOUNT TYPE:              ACCOUNT NO:
ACCESS: 0                  STATUS: PENDING
LIST TYPE: C

\* L I T I G A N T   I N F O R M A T I O N \*

| SEQ | LAST /FIRST /MIDDLE NAME | LIT. TYPE/ATTORNEY | DATE |
|---|---|---|---|
| 00001 | HOCKESSIN HOLDINGS INC | PLAINTIFF | 01/28/2016 |
| | | 00001 NICHOLS, JUSTIN P | |
| 00002 | ROUNDPOINT MORTGAGE SERVICING CORPO | DEFENDANT | 01/28/2016 |

\* S E R V I C E S   I N F O R M A T I O N \*

| SEQ | SERVICE TYPE / DATES | DIST | LITIGANT NAME |
|---|---|---|---|

\* A T T O R N E Y   I N F O R M A T I O N \*

| SEQ | DATE FILED | BAR NBR. | NAME | STATUS | DATE |
|---|---|---|---|---|---|
| 00001 | 01/28/2016 | 24081371 | NICHOLS, JUSTIN P | SELECTED | 01/29/2016 |

\* P R O C E E D I N G   I N F O R M A T I O N \*

| SEQ | DATE FILED | REEL | IMAGE | PAGE COUNT |
|---|---|---|---|---|
| 00001 | 01/28/2016 | 0000 | 0000 | 0000 |
| | DESC: PETITION | | | |
| 00003 | 01/28/2016 | 0000 | 0000 | 0000 |
| | DESC: SERVICE ASSIGNED TO CLERK 2 | | | |
| 00004 | 02/01/2016 | 0000 | 0000 | 0000 |
| | DESC: FAX TRANSMITTAL/RECORDING DEPT | | | |
| | ANDREW VAN HOOGENSTYN | | | |
| 00005 | 02/02/2016 | 0000 | 0000 | 0000 |
| | DESC: EMAILED COPY OF: | | | |
| | ORIGINAL PETITION | | | |

\* T R I A L   I N F O R M A T I O N \*

| SEQ | DATE FILED | COURT | SETT. DATE | TIME | ATTY |
|---|---|---|---|---|---|
| 00002 | 01/29/2016 | 109 | 02/12/2016 | 09:00AM | ABP |
| | DESC: NON-JURY TRIAL | | | | |
| | SETTING ON TRO & TEMPORARY ORDERS | | | | |

\* O R D E R   I N F O R M A T I O N \*

---

SEQ    DATE FILED   JUDGE NAME              VOLUME   PAGE   PAGE CNT    AMOUNT  SOF

00001  01/29/2016  SOLOMON J CASSEB,III    4507     1244   0002        0.00
       DESC: TEMP REST ORD, ORD SET HRG TEM


                      * B O N D    I N F O R M A T I O N *
SEQ     DATE FILED   PRINCIPAL

00001   01/29/2016   HOCKESSIN HOLDINGS INC
  AGENT:                                              AMOUNT:      500.00
  SURETY: D WITH W HOLDINGS LLC SURETY
        LYLE JEAN VELA AND JUSTIN NICHOLS SBN#24081371
  REASON: TRO                                         FORM: PERSONAL



DOCUMENT SCANNED AS FILED

2016CI01465 –D407

## Cause No. 2016CI01465

| | | |
|---|---|---|
| **HOCKESSIN HOLDINGS, INC.** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Petitioner** | § | **407th JUDICIAL DISTRICT** |
| | § | |
| **v.** | § | |
| | § | |
| **ROUNDPOINT MORTGAGE** | § | |
| **SERVICING CORPORATION** | § | |
| | § | |
| **Defendant** | § | **BEXAR COUNTY, TEXAS** |

## TEMPORARY RESTRAINING ORDER & ORDER SETTING HEARING

On this day Plaintiff, HOCKESSIN HOLDINGS, INC. presented to the Court its application to have the temporary restraining order. Defendant **did / did not** appear at the hearing. Counsel for Defendant was notified of hearing as required by local rules.

The Court, having examined the pleadings and affidavit(s) of Plaintiff, finds Plaintiff is likely to prevail on the merits at the hearing on Plaintiff's application, and that a temporary injunction is necessary and equitable for the preservation of Plaintiff's property and to maintain the status quo until this case can be considered by the Court in full hearing on the merits. The Court finds that, without the issuance of this temporary injunction, Plaintiff may suffer irreparable harm to its property.

IT IS THEREFORE ORDERED, ADJUDGED and DECREED that **ROUNDPOINT MORTGAGE SERVICING CORPORATION, and/or its trustees and/or its substitute trustees are <u>immediately restrained</u>** from selling, attempting to sell, or conducting an auction for the sale and/or foreclosure of the following property, to wit:

> **2427 Laden Meadows, San Antonio, Texas 78245, and being more fully described as:**
> **Lot 7, Block 86, Sunset Subdivision, Unit 5, situated in Bexar County, Texas, according to plat thereof recorded in Volume 9552, Pages 19-20, Deed and Plat Records of Bexar County, Texas.**

- 1 -



The issuance of the Temporary Restraining Order granted herein, and any accompanying writ issued by the clerk, shall be conditioned upon Plaintiff's posting of a bond in the amount of $ **500.00** .

IT IS FURTHER ORDERED that the restrained parties herein shall appear before this Court on the **12 day of February, 2016** , at **9 o'clock a .m.,** before this Court, Room 109, Bexar County Courthouse, 100 Dolorosa, San Antonio, Texas 78205 to show cause, if any, why the Temporary Restraining Order herein should not be made a Temporary Injunction pending judgment in this suit.

IT IS ORDERED that this Temporary Restraining Order shall expire 14 days from the date it is signed and entered, unless extended by further order of this Court or by agreement of the parties, as may be provided for by TEX. R. CIV. P. 680.

SIGNED and ENTERED on **1 · 29 · 16** at **1:45** o'clock **P** .M.

**JUDGE PRESIDING**

Approved as to form and entry requested:

The Nichols Law Firm, P.L.L.C.
JUSTIN·P. NICHOLS (TBN: 24081371)
ADAM B.J. POOLE (TBN: 24088239)
115 E. Travis St., Ste. 1740, San Antonio, TX 78205
(210) 354-2300 phone | (800) 761-5782 facsimile
**Attorneys for Petitioner**

- 2 -



2016CI01465 -B00001

## CAUSE NO.: 2016CI01465

| | | |
|---|---|---|
| HOCKESSIN HOLDINGS, INC. | § | IN THE DISTRICT COURT |
| Petitioner, | § § § | |
| v. | § § | 407TH JUDICIAL DISTRICT |
| ROUNDPOINT MORTGAGE SERVICING CORPORATION | § § § | |
| Respondent. | § § | BEXAR COUNTY, TEXAS |

---

### PLAINTIFF'S BOND FOR ISSUANCE OF TEMPORARY RESTRAINING ORDER

---

WHEREAS, the 285TH Judicial District Court, Bexar County, Texas, entered an Order Granting Temporary Restraining Order and Order Setting Hearing on or about January 29, 2016, and in its order, the Court conditioned the issuance of the temporary restraining order upon Plaintiff's posting of a bond in the amount of $500.00;

NOW THEREFORE, in accordance with TEX. R. CIV. P. 684, Plaintiff, along with the undersigned sureties, gives bond, payable to Defendant, in the amount of **$500.00** and conditioned that Plaintiff will abide by the decision made in the cause and will pay all sums of money and costs that may be adjudged against it if the temporary restraining order or temporary injunction shall be dissolved in whole or in part.

**TFHSP, L.L.C.**
By: Lyle Jean Vela
c/o The Nichols Law Firm, PLLC
115 E. Travis St., Ste. 1740
San Antonio, Texas 78205

**THE NICHOLS LAW FIRM, PLLC**
By: Justin P. Nichols (TBN: 24081371)
115 E. Travis St., Ste. 1740
San Antonio, Texas 78205
(210) 354-2300 [p] | (800) 761-5782 [f]
**ATTORNEYS FOR PLAINTIFF**

**D WITH W HOLDINGS, L.L.C., Surety**
By: Adam B.J. Poole
c/o The Nichols Law Firm, PLLC
115 E. Travis Street, Ste. 1740
San Antonio, Texas 78205

APPROVED on _____:

CLERK / JUDGE

APPROVED ON THIS 29 DAY OF _January_, 20 _16_

DEPUTY: _____
DONNA KAY McKINNEY
DISTRICT CLERK
BEXAR COUNTY TEXAS

BY _____
FILED
16 JAN 29 PM 2:16
DONNA KAY McKINNEY
DISTRICT CLERK
BEXAR COUNTY
DEPUTY

DOCUMENT SCANNED AS FILED

**CAUSE NO.: 2016CI01465**

| | | |
|---|---|---|
| HOCKESSIN HOLDINGS, INC. | § | IN THE DISTRICT COURT |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 407TH  JUDICIAL DISTRICT |
| | § | |
| ROUNDPOINT MORTGAGE SERVICING | § | |
| CORPORATION | § | |
| | § | |
| Respondent. | § | BEXAR COUNTY, TEXAS |

## AFFIDAVIT OF SURETY
## D WITH W HOLDINGS, LLC

STATE OF TEXAS          §
COUNTY OF BEXAR        §

On this day, before me, the undersigned authority, appeared ADAM B. J. POOLE, in his capacity as the authorized agent for D WITH W HOLDINGS, L.L.C., and after being duly sworn, deposed as follows:

"My name is Adam B. J. Poole. I am over the age of 18, of sound mind, and in able condition to make this affidavit. I have never been convicted of a felony or declared mentally incompetent, and I have first-hand knowledge of all the facts stated herein, which are true and correct. I am the authorized agent and member for D WITH W HOLDINGS, L.L.C.

D WITH W HOLDINGS, L.L.C. has agreed to serve as surety for Defendant on the bond for appeal of the above-captioned case. D WITH W HOLDINGS, L.L.C. has a net worth in excess of $500, and has assets in the Texas of value in excess of $500 which is subject to execution."

ADAM B. J. POOLE, Affiant
Member / Authorized Agent for:
D WITH W HOLDINGS, L.L.C.

SWORN TO & SUBSCRIBED before me on 01/29/16.

Notary Public – State of Texas

PATRICIA PADGET
Notary Public, State of Texas
My Commission Expires
June 13, 2019

**DOCUMENT SCANNED AS FILED**

**CAUSE NO.: 2016CI01465**

| | | |
|---|---|---|
| HOCKESSIN HOLDINGS, INC. | § | IN THE DISTRICT COURT |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 407TH JUDICIAL DISTRICT |
| | § | |
| ROUNDPOINT MORTGAGE SERVICING | § | |
| CORPORATION | § | |
| | § | |
| Respondent. | § | BEXAR COUNTY, TEXAS |

### AFFIDAVIT OF SURETY
### TFHSP, L.L.C. SERIES 3041.

STATE OF TEXAS          §
COUNTY OF BEXAR         §

On this day, before me, the undersigned authority, appeared LyleJean Vela, in her capacity as the authorized agent for TFHSP, L.L.C., and after being duly sworn, deposed as follows:

"My name is LyleJean Vela. I am over the age of 18, of sound mind, and in able condition to make this affidavit. I have never been convicted of a felony or declared mentally incompetent, and I have first-hand knowledge of all the facts stated herein, which are true and correct. I am the authorized agent and member for TFHSP, L.L.C. .

TFHSP, L.L.C. SERIES 3041 has agreed to serve as surety for Plaintiff on the bond for the issuance of a temporary restraining order in the above-captioned case. TFHSP, L.L.C. , has a net worth in excess of $500, and has assets in Texas of value in excess of $500 which is subject to execution."

LyleJean Vela, Affiant
Member / Authorized Agent for:
TFHSP, L.L.C.

SWORN TO & SUBSCRIBED before me on 01/29/16.

Notary Public – State of Texas

PATRICIA PADGET
Notary Public, State of Texas
My Commission Expires
June 13, 2019

FILED
1/28/2016 5:19:51 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Consuelo Gomez

CIT PPS SAC2

## 2016CI01465

CAUSE NO.: _____

| | | |
|---|---|---|
| HOCKESSIN HOLDINGS, INC. | § | IN THE DISTRICT COURT |
| | § | |
| Petitioner, | § | 407TH |
| | § | |
| v. | § | ____ JUDICIAL DISTRICT |
| | § | |
| ROUNDPOINT MORTGAGE SERVICING | § | |
| CORPORATION | § | |
| | § | |
| Respondent. | § | BEXAR COUNTY, TEXAS |

## PETITIONER'S ORIGINAL PETITION
## & APPLICATION FOR INJUNCTIVE RELIEF

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Petitioner, HOCKESSIN HOLDINGS, INC., by and through the undersigned attorney, and makes and files this original petition, and will show:

### I. DISCOVERY

1. Petitioner seeks non-monetary relief; therefore, discovery is to be conducted under Level 2 TEX. R. CIV. P. 190.3

### II. PARTIES

**Petitioner**

2. Petitioner **HOCKESSIN HOLDINGS, INC.** ("Petitioner") is a Delaware corporation and may be reached through the undersigned counsel.

**Respondent**

3. Respondent **ROUNDPOINT MORTGAGE SERVICING CORPORATION** ("Roundpoint") is a foreign corporation authorized to do business in Texas. Service is proper upon Roundpoint through its registered agent: Corporation Service Company dba

- 1 -

CSC - Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701.

    5. Petitioner requests the clerk issue citations to obtain private service of process.

### III. IDENTIFICATION OF THE REAL PROPERTY IN DISPUTE

    6. This suit involves the following real property, to wit:

> **Address:** 2427 Laden Meadows, San Antonio, Texas 78245
> **Legal Description:** Lot 7, Block 86, Sunset Subdivision, Unit 5, Bexar County, Texas, according to the map or plat of record in volume 9552, pages 19-20, Deed and Plat Records of Bexar County, Texas.

    7. Henceforth, the forenamed real property shall be referred to as the "Property."

### IV. VENUE & JURISDICTION

    8. Venue is proper in Bexar County because the real property the subject to this suit is wholly located within Bexar County, Texas.

    9. This Court has jurisdiction because the amount in controversy exceeds the minimal jurisdictional limits of the court, the subject matter of this suit is not reserved for any other court, and this court has the authority to grant relief sought in this suit.

### V. FACTUAL BASIS OF SUIT

    10. Hector R. Salazar ("Salazar") purchased the Property on or about May 1, 2002. Salazar executed a deed of trust for the Property on the same day in favor of KB Home Mortgage Company, recorded in Vol. 9382, Page 1212 of the Bexar County deed records.

    11. KB Home Mortgage Company released its lien on the property by means of a Release of Lien recorded in Vol. 11033, Page 556 of the Bexar County deed records.

    12. On or about August 23, 2004, Salazar executed a second deed of trust for the property in favor of New Horizon Mortgage, Inc., recorded in Vol. 10945, Page 1916 of the Bexar County deed records.

13. New Horizon Mortgage, Inc. assigned the deed of trust unto Bank of America, N.A., by virtue of an assignment recorded in Vol. 15172, Page 2062 of the Bexar County deed records.

14. Bank of America, N.A. assigned the deed of trust unto the Secretary of Housing and Urban Development, by virtue of an assignment recorded in Vol. 16988, Page 529 of the Bexar County deed records.

15. The Secretary of Housing and Urban Development assigned the deed of trust unto Newlands Asset Holding Trust, care of US Bank Trust, National Association ("Newlands"), by virtue of an assignment recorded in Vol. 16990, Page 480 of the Bexar County deed records.

16. To the best of Petitioner's knowledge, and after a search through the public records of Bexar County, Texas, it appears no release or assignment of the deed of trust has ever been filed by Newlands unto any other entity.

17. Salazar failed to pay home owners association dues and/or maintenance assessments owed to the Sunset Vista Association, Inc. (the "Association"), who then filed a notice of assessment lien against the Property, recorded on September 9, 2004 in Vol. 10963, Page 1497 of the Bexar County deed records. The Association later filed a second notice of assessment lien against the Property, recorded on February 12, 2007 in Vol. 12690, Page 463 of the Bexar County deed records. The Association later filed a third notice of assessment lien against the Property, recorded on November 27, 2007 in Vol. 13234, Page 1399 of the Bexar County deed records.

18. The Association then foreclosed upon its lien and sold the Property at auction on April 15, 2015, and executed a deed conveying the Property unto Laden Meadows

2427 Land Trust, Kingman Holdings, LLC, Trustee, ("Kingman") recorded in Vol. 17185, Page 1487 of the Bexar County deed records.

19. Kingman executed a deed conveying the property unto Petitioner, as reflected in Vol. 17490 Page 1457 of the Bexar County deed records.

20. Now, Respondent Roundpoint, acting as mortgage servicer for Newlands, has expressed its intent to sell the Property at a foreclosure sale on February 2, 2016, as reflected in a Notice of Substitute Trustee Sale recorded on January 11, 2016 as Document No.: 20160200140 of the Bexar County deed records.

## VI. REQUEST FOR DECLARATORY RELIEF

23. Pursuant to Chapter 37, TEX. CIV. PRAC. & REM. CODE, Petitioner requests the Court enter a declaratory judgment declaring the rights, status, and other legal relations between the parties as it relates to the Property.

24. Specifically, Petitioner requests the Court enter a declaratory judgment declaring Petitioner's rights relating to the Property, and the order of priority, preference, and/or subordination of all valid liens, if any exist, against the Property.

26. Alternatively, Petitioner requests the Court enter a declaratory judgment declaring the current value, if any, of any Deed of Trust the Court may find to be valid relating to the Property and the amount necessary to satisfy and release any related liens or other encumbrances on the Property under any principle of law.

## VII. APPLICATION FOR INJUNCTIVE RELIEF

27. Respondent Roundpoint has expressed its intent to sell the Property at a foreclosure sale on February 2, 2016.

28. Petitioner requests the Court enter a temporary restraining order against Respondent Roundpoint, and/or the substitute trustees, W.A. MARTY LACOUTURE or CARL GILSON, restraining them from conducting or attempting to conduct a sale, auction, and/or foreclosure sale of the Property until the Court can hold a hearing on this petition as set forth herein.

29. A temporary restraining order is necessary to preserve the status quo and prevent irreparable harm to Petitioner or its property. Further, Respondent will not suffer irreparable harm or prejudice by postponing a foreclosure sale until the merits of this petitioner can be considered by this Court, and Petitioner is likely to prevail on the merits of its petition upon final hearing.

30. After hearing, Petitioner requests the Temporary Restraining Order be made a temporary injunction during the pendency of this suit.

31. Before this application is presented to the Court, Petitioner will give notice to Respondent's foreclosure counsel, Barrett Daffin Frappier Turner & Engel, LLP, by telephone at 972-386-5040, of its intent to present this application for a temporary restraining order on January 29, 2016, between 1:00pm and 3:00pm in the Bexar County Presiding District Court.

32. An affidavit executed by Petitioner's duly authorized representative in support of the injunctive relief sought herein is attached hereto and incorporated herein by reference for all purposes.

33. Petitioner is ready and willing to post a bond to secure the issuance of the injunctive relief requested herein.

- 5 -

## VIII. PRAYER

WHEREFORE, Petitioner prays:

1) Respondent be cited to answer herein;

2) The Court grant this petition to take depositions before suit or to investigate claims;

3) For the injunctive relief sought herein; and

4) For all other relief, at law or equity, specific or general, to which Petitioner may show itself to be justly entitled.

Respectfully submitted,

THE NICHOLS LAW FIRM, P.L.L.C.

JUSTIN P. NICHOLS
Texas Bar No.: 24081371
ADAM B.J. POOLE
Texas Bar No.: 24088239
115 E. Travis St., Suite 1740
San Antonio, Texas 78205
(210) 354-2300 phone
(800) 761-5782 facsimile
Justin@TheNicholsLawFirm.com
**ATTORNEYS FOR PETITIONER**

CAUSE NO.: _____

| | | |
|---|---|---|
| HOCKESSIN HOLDINGS, INC. | § | IN THE DISTRICT COURT |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | ____ JUDICIAL DISTRICT |
| | § | |
| ROUNDPOINT MORTGAGE SERVICING | § | |
| CORPORATION | § | |
| | § | |
| Respondent. | § | BEXAR COUNTY, TEXAS |

## AFFIDAVIT IN SUPPORT OF INJUNCTIVE RELIEF

STATE OF TEXAS      §
COUNTY OF BEXAR    §

On this day, before me, the undersigned authority, personally appeared Justin P. Nichols, and after being duly sworn, deposed as follows:

"My name is Justin P. Nichols. I am over the age of 18, of sound mind, and in able condition to make this affidavit. I have firsthand knowledge of the facts stated herein.

I am the attorney of record for Hockessin Holdings, Inc. in the above-captioned matter. I am authorized to execute this affidavit on Petitioner's behalf. I have read the foregoing Original Petition & Application for Injunctive Relief, and I certify the facts stated therein are true and correct to the best of my knowledge. Further, I certify the injunctive relief requested is necessary to prevent irreparable harm to Petitioner for which Petitioner will have no adequate remedy at law because damages cannot be calculated."

JUSTIN P. NICHOLS, Affiant

SWORN TO and SUBSCRIBED before me on 1/28/2016.

Notary Public – State of Texas

PATRICIA PADGET
Notary Public, State of Texas
My Commission Expires
June 13, 2019

- 7 -

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____   COURT *(FOR CLERK USE ONLY):* _____

STYLED **HOCKESSIN HOLDINGS, INC. V. ROUNDPOINT MORTGAGE SERVICING CORPORATION**
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

## 1. Contact information for person completing case information sheet:

Name: Justin Nichols/Adam B.J. Poole
Email: justin@thenicholslawfirm.com
Address: 115 E. Travis #1740
Telephone: 210-354-2300
City/State/Zip: San Antonio, TX 78205
Fax: 800-761-5782
Signature:
State Bar No: 24081371/24088239

### Names of parties in case:

Plaintiff(s)/Petitioner(s):
HOCKESSIN HOLDINGS, INC.

Defendant(s)/Respondent(s):
ROUNDPOINT MORTGAGE SERVICING

CORPORATION.

[Attach additional page as necessary to list all parties]

### Person or entity completing sheet is:
- [x] Attorney for Plaintiff/Petitioner
- [ ] *Pro Se* Plaintiff/Petitioner
- [ ] Title IV-D Agency
- [ ] Other: _____

Additional Parties in Child Support Case:
Custodial Parent:
Non-Custodial Parent:
Presumed Father:

## 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

### Civil

**Contract**

*Debt/Contract*
- [ ] Consumer/DTPA
- [ ] Debt/Contract
- [ ] Fraud/Misrepresentation
- [ ] Other Debt/Contract:

*Foreclosure*
- [ ] Home Equity—Expedited
- [ ] Other Foreclosure
- [ ] Franchise
- [ ] Insurance
- [ ] Landlord/Tenant
- [ ] Non-Competition
- [ ] Partnership
- [ ] Other Contract:

**Injury or Damage**
- [ ] Assault/Battery
- [ ] Construction
- [ ] Defamation
*Malpractice*
- [ ] Accounting
- [ ] Legal
- [ ] Medical
- [ ] Other Professional Liability:
- [ ] Motor Vehicle Accident
- [ ] Premises
*Product Liability*
- [ ] Asbestos/Silica
- [ ] Other Product Liability List Product:
- [ ] Other Injury or Damage:

**Real Property**
- [ ] Eminent Domain/ Condemnation
- [ ] Partition
- [ ] Quiet Title
- [ ] Trespass to Try Title
- [x] Other Property: POP Injunctive Relief

**Related to Criminal Matters**
- [ ] Expunction
- [ ] Judgment Nisi
- [ ] Non-Disclosure
- [ ] Seizure/Forfeiture
- [ ] Writ of Habeas Corpus— Pre-indictment
- [ ] Other:

### Family Law

**Marriage Relationship**
- [ ] Annulment
- [ ] Declare Marriage Void
*Divorce*
- [ ] With Children
- [ ] No Children

**Other Family Law**
- [ ] Enforce Foreign Judgment
- [ ] Habeas Corpus
- [ ] Name Change
- [ ] Protective Order
- [ ] Removal of Disabilities of Minority
- [ ] Other:

**Post-judgment Actions (non-Title IV-D)**
- [ ] Enforcement
- [ ] Modification—Custody
- [ ] Modification—Other

**Title IV-D**
- [ ] Enforcement/Modification
- [ ] Paternity
- [ ] Reciprocals (UIFSA)
- [ ] Support Order

**Parent-Child Relationship**
- [ ] Adoption/Adoption with Termination
- [ ] Child Protection
- [ ] Child Support
- [ ] Custody or Visitation
- [ ] Gestational Parenting
- [ ] Grandparent Access
- [ ] Parentage/Paternity
- [ ] Termination of Parental Rights
- [ ] Other Parent-Child:

**Employment**
- [ ] Discrimination
- [ ] Retaliation
- [ ] Termination
- [ ] Workers' Compensation
- [ ] Other Employment:

**Other Civil**
- [ ] Administrative Appeal
- [ ] Antitrust/Unfair Competition
- [ ] Code Violations
- [ ] Foreign Judgment
- [ ] Intellectual Property
- [ ] Lawyer Discipline
- [ ] Perpetuate Testimony
- [ ] Securities/Stock
- [ ] Tortious Interference
- [ ] Other:

**Tax**
- [ ] Tax Appraisal
- [ ] Tax Delinquency
- [ ] Other Tax

### Probate & Mental Health

*Probate/Wills/Intestate Administration*
- [ ] Dependent Administration
- [ ] Independent Administration
- [ ] Other Estate Proceedings
- [ ] Guardianship—Adult
- [ ] Guardianship—Minor
- [ ] Mental Health
- [ ] Other: _____

## 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:
- [ ] Appeal from Municipal or Justice Court
- [ ] Arbitration-related
- [ ] Attachment
- [ ] Bill of Review
- [ ] Certiorari
- [ ] Class Action
- [ ] Declaratory Judgment
- [ ] Garnishment
- [ ] Interpleader
- [ ] License
- [ ] Mandamus
- [ ] Post-judgment
- [ ] Prejudgment Remedy
- [ ] Protective Order
- [ ] Receiver
- [ ] Sequestration
- [ ] Temporary Restraining Order/Injunction
- [ ] Turnover

## 4. Indicate damages sought *(do not select if it is a family law case)*:
- [ ] Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- [x] Less than $100,000 and non-monetary relief
- [ ] Over $100, 000 but not more than $200,000
- [ ] Over $200,000 but not more than $1,000,000
- [ ] Over $1,000,000